**Allen FOLK, Petitioner,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (DANA CORPO-RATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 2002.

Decided July 22, 2002.

Stephen G. Welz, Reading, for petitioner.

Mauri L. Levy, Fort Washington, for respondent.

BEFORE: PELLEGRINI, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Allen Folk (Claimant) from an order of the Workers' Compensation Appeal Board that affirmed the decision of a Workers' Compensation Judge (WCJ) to deny the reinstatement petition filed by Claimant against Dana Corporation (Employer). We affirm.

The WCJ made the following pertinent factual findings. Claimant sustained a work-related injury on January 31, 1994, and received benefits pursuant to a notice of compensation payable for an injury described as "strain pressing/severe neck pain into left arm." Benefits were suspended by supplemental agreement and he returned to work on April 4, 1994 with a 50–pound weight-lifting restriction. The WCJ found that the return was to his regular job and, in so doing, credited the testimony of his supervisor Gary Matz. Claimant continued to work until he was laid off on November 28, 1998, due to economic conditions. He then filed his petition to reinstate on January 21, 1999.

When Claimant returned to work on April 4, 1994, he signed a supplemental agreement indicating that he returned to his regular job. The WCJ concluded that Claimant had not met his burden to show that he had not been returned to his regular job, and denied the petition to reinstate. An appeal to the Board followed and it affirmed. Claimant now appeals to this Court.

■ We begin by noting that our scope of review is limited to determining wheth-er the findings are supported by substantial evidence and whether there has been an error of law or an abuse of discretion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth. 75, 591 A.2d 762, 764 n.5 (1991). It is within the sole province of the WCJ to make credibility determinations. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

The position to which Claimant returned is of great legal significance. In discussing the burden of proof in a petition to reinstate suspended benefits, we have held:

A suspension is warranted under the Workers' Compensation Act where a claimant has a residual physical impairment attributable to a work-related injury but is receiving wages equal to or in excess of what the claimant had earned in his pre-injury job. *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa. 642, 659 A.2d 561 (1995). Although the employer remains liable for the consequences of the work-related injury, there is no longer any "disability," *i.e.*, loss of earning power, attributable to the work-related injury. *Id.*

A claimant seeking reinstatement following a suspension of benefits must prove that: (1) through no fault of his or her own, the claimant's disability, *i.e.*, earning power, is again adversely affected by

the work-related injury, and (2) the disability which gave rise to the original claims continues. *Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990).

"Given the nature of suspension status, which actually acknowledges a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant, alone, . . . satisfies his burden of establishing that his work-related injury continues." *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 227, 642 A.2d 1083, 1085 (1994) (emphasis in original).

Where a claimant returns to work under a suspension, **with restrictions,** that is, does not return to his or her time-of-injury job, but rather to a modified position, and is subsequently **laid off** and petitions for the reinstatement of benefits, the claimant is also entitled to the presumption that his or her disability, *i.e.,* loss of earning power, is causally related to the continuing work injury. *See Crowell v. Workmen's Compensation Appeal Board (Johnson Dairy Farm)*, 665 A.2d 30 (Pa.Cmwlth.1995) (where a claimant returns to a light-duty position following a suspension because he could not perform his pre-injury job without experiencing significant pain, the claimant is subsequently laid off due to lack of available work, and the claimant petitions for reinstatement of benefits, we held that the claimant's disability, *i.e.,* loss of earning power, had been adversely affected by his work injury).

Conversely, where a claimant returns to work under a suspension, **without restriction,** to his or her pre-injury job, is subsequently laid off, and then petitions for reinstatement, the claimant has the burden to affirmatively establish that it is the work-related injury which is **causing** his or her present loss of earnings. That is, while the claimant still enjoys the presumption that some work-related medical injury continues, . . . the claimant is not entitled to the presumption that his or her present disability, *i.e.,* loss of earnings, is causally related to that work injury. *See Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996); *Ogden Aviation Services v. Workmen's Compensation Appeal Board (Harper)*, 681 A.2d 864 (Pa. Cmwlth.1996).

*Teledyne McKay v. Workmen's Compensation Appeal Board (Osmolinski)*, 688 A.2d 259, 261–62 (Pa.Cmwlth.1997) (emphasis in original and footnote omitted).

Here, we have a hybrid situation; Claimant was found to have returned to his time of injury position with a restriction, but the restriction did not require any job modification at all.

■ Regarding the issue of return to the pre-injury job, the WCJ found Claimant **not** credible when he asserted that he did not return to his time-of-injury position. Our review of Claimant's own testimony and documents reveal that there is substantial evidence that he returned to work under job category 7181 (a third level inspector) and that was his job category prior to the injury.[1] His testimony also reveals that the company moved inspectors around so that they were sometimes line

---

1. Claimant's Exhibit C–3, Supplemental Agreement, and N.T. 12, Hearing of June 10, 1999.

inspectors, sometimes floaters and sometimes H–Gauge inspectors.[2]

Regarding the question of restrictions, the WCJ credited the testimony of Gary Matz, who stated that the H–Gauge job did not require lifting (N.T. 9, 10),[3] that the pushing that needed to be done to "flip a frame" did not require more than fifty pounds in terms of pressure (N.T. 10) and that it could be flipped using only one hand. (N.T. 17). This witness also stated that he had actually done the job himself many times (N.T. 11, 16). We hold that this evidence is sufficient to support the WCJ's determination that Claimant returned to his regular job as an inspector without the need for any modifications or restrictions to his job. Accordingly, Claimant's weight-lifting restriction was irrelevant to his ability to perform his time-of-injury position.

■ Under such circumstances, we hold that it is as though Claimant returned without restriction and, therefore, he is not entitled to the presumption that his loss of earnings is causally related to the work injury. We reach this conclusion because under the quoted language in *Teledyne,* the presumption applies where the claimant returns with restriction *to a job other than the time of injury job;*[4] clearly, that did not occur here because the record supports the finding that Claimant returned to the time-of-injury job. Therefore, he is not afforded the presumption discussed in *Teledyne.* Further, because Claimant has not shown that his layoff was caused by his

work-related disability, as *Teledyne* also requires, the reinstatement petition was properly denied.

Based on the foregoing discussion, the order of the Board is affirmed.

## ORDER

**NOW,** July 22, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**2.** N.T. 14–15, 23–25, Hearing of June 10, 1999.

**3.** All references are to the deposition taken on March 28, 2000.

**4.** *Accord Francisco v. Workers' Compensation Appeal Board (Patterson–Kelley Co.),* 707 A.2d 584, 587–88 (Pa.Cmwlth.1998) ("we are obligated to remand the case to the Board for the limited purpose of determining whether or not Claimant returned to work "with restrictions," **that is, to determine if the Claimant can perform his time of injury job *without significant disabling impairment.*") (emphasis added).