Tong KAN, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (BUDD COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 2004.
Decided July 1, 2004.

Paul Auerbach, Merion, for petitioner.

Jane A. Lombard, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Tong Kan (Claimant) appeals an order of the Worker's Compensation Appeal Board (Board). The Board denied the Budd Company's (Employer) petition to terminate benefits. The sole issue is whether Claimant is entitled to reimbursement of $452.50, representing the cost for Claimant's chosen nurse to accompany him at two independent medical examinations (IME) performed by Employer's doctors. Agreeing Claimant is not entitled to this cost, we affirm.

In March 2001, Employer filed a termination petition alleging Claimant fully recovered from a work-related low back injury. Claimant filed an answer denying the allegations set forth in the petition.

In support of its termination petition, Employer presented the testimony of Dr. Richard Mandel, a board-certified orthopedic surgeon. In response, Claimant presented testimony by Dr. Roy Lefkoe, also board certified in orthopedic surgery. In addition, Claimant presented testimony by nurse Margaret Griffiths, R.N., who accompanied him to two IMEs performed by Employer's physicians. At a hearing before a Workers' Compensation Judge (WCJ), Griffiths testified concerning her observations at the IMEs. She did not offer opinions.

The WCJ credited the testimony of Claimant's witnesses that Claimant was not fully recovered from his injury, and denied Employer's termination petition.

With regard to Claimant's bill of litigation costs, however, the WCJ stated:

Claimant's litigation costs are found to be both fair and reasonable, only in part. As noted by Employer's counsel, Section 314 of the Workers' Compensation Act [Act][1] permits the [c]laimant to have a health care provider attend a physical examination at the [c]laimant's own cost. Therefore, the requested costs for Ms. Griffiths' attendance at the examination[s] of Dr. Mandel and Dr. Kleinman are found not to be compensable costs under Section 440 of the Workers' Compensation Act....

WCJ Op., Finding of Fact (F.F.) No. 7(f). Although the WCJ declined to award $452.50 in costs for the nurse's attendance at the IMEs, she approved costs related to the nurse's testimony at the hearing.[2] The WCJ also approved the remainder of Claimant's litigation costs, which total approximately $4,000. Claimant appealed to the Board.

■ The Board agreed with the WCJ that Section 314(b) of the Act precluded Claimant's recovery of the costs of his nurse's attendance at the IMEs. Claimant appealed.[3]

Section 314(b) of the Act states, in relevant part:

In the case of a physical examination, the employe shall be entitled to have a health care provider[4] of his own selection, *to be paid by him*, participate in

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651.

2. The WCJ approved the cost of the nurse's testimony in addition to costs associated with that testimony, i.e., copying materials, preparation, and travel. *See* Claimant's Exhibit No. 7.

3. Our review is limited to determining whether an error of law was committed, findings of fact are supported by substantial evidence or

constitutional rights were violated. *Johnson v. Workers Comp. Appeal Bd. (Abington Meml Hosp.),* 816 A.2d 1262 (2003).

4. Notably, the Act defines "health care provider" as "any person ... licensed ... to provide health care services, including ... any physician, coordinated care organization, hospital, health care facility, dentist, *nurse,* optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist...." 77 P.S. § 29 (emphasis added).

such examination requested by his employer or ordered by the workers' compensation judge. . . .

77 P.S. § 651(b) (emphasis added).

■ Claimant asserts, because Section 314 permits an employer to obtain an independent medical opinion regarding an injured worker's status, it only applies before litigation commences. He also contends, because the Act is remedial legislation, he should be made whole for all costs expended.

■ Where, as here, the language of a statute is clear, we shall not disregard the language under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *Commonwealth v. Kelley*, 569 Pa. 179, 801 A.2d 551 (2002). Further, we must construe a statute, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). In addition, "[t]he interpretation of a statute by those charged with its execution is entitled to great deference, and will not be overturned unless such construction is clearly erroneous." *Caso v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 576 Pa. 287, 289, 839 A.2d 219, 221 (2003) (citation omitted).

Pursuant to the express language of Section 314(b), a claimant must bear his own costs if he chooses to have a health care provider present at an IME. We reject Claimant's assertion that Section 314 is limited to IMEs requested before a petition is filed, for several reasons. First, the terms of the statute do not draw the distinction urged by Claimant. Second, because the language of Section 314(b) is clear, we decline Claimant's invitation to look beyond the language under the pretext of pursuing the Act's remedial and humanitarian purposes. Third, case law applies the statute to matters in litigation. *Stephens v. Workmen's Comp. Appeal Bd. (St. Ignatius Nursing Home)*, 168 Pa.

Cmwlth. 570, 651 A.2d 200 (1994) (upholding the ordering of an IME under Section 314 during the course of a termination proceeding). Thus, the Board's application of the plain language of this statutory provision was not clearly erroneous.

■ Claimant also argues Section 440(a) of the Act[5] permits recovery of the cost of the nurse's attendance at the IMEs as a litigation cost.

Section 440(a) states, as relevant:

In any contested case . . . the employe . . . in whose favor the matter at issue has been finally determined . . . shall be awarded . . . a reasonable sum for costs incurred for attorney's fee, *witnesses, necessary medical examination,* and the value of unreimbursed lost time to attend the proceedings. . . .

77 P.S. § 996(a) (emphasis added).

Contrary to Claimant's assertion, the costs for his nurse to attend the IMEs are not recoverable as a "witness" cost. Costs incurred in obtaining testimony from a witness are recoverable, and, in fact, were awarded here. However, there is no authority for awarding as costs time spent by a witness observing and preparing to testify to facts. Time spent in lay observation is significantly different from costs of obtaining physical items used in testimony, *Duquesne Light Co. v. Workers' Comp. Appeal Bd. (Birx, Jr.)*, 97 Pa.Cmwlth.13, 509 A.2d 427 (1986) (costs for duplication of records), and from stenographic charges incurred in recording and transcribing testimony. *Workmen's Comp. Appeal Bd. v. Republic Steel Corp.*, 31 Pa.Cmwlth. 301, 375 A.2d 1369 (1977). This conclusion is supported by the more specific statutory provision placing on an employee the cost of a health care provider of his own selection attending an IME. *See* 1 Pa.C.S. § 1933 (particular controls general).

---

**5.** 77 P.S. § 996(a).

Nor are the costs reimbursable as a "necessary medical examination." The costs Claimant seeks were incurred because of his decision to have his nurse present at the IMEs, not as a result of a "necessary medical examination" itself.

As stated, the plain language of Section 314(b) of the Act prohibits recovery of costs for the nurse's attendance at the IMEs. Further, the specific provision requiring a claimant bear his own costs for having a health care provider attend an IME in Section 314(b) controls the general provision permitting recovery of litigation costs set forth in Section 440(a). *See Young v. Workmen's Comp. Appeal Bd.* *(St. Agnes Hosp.)*, 39 Pa.Cmwlth.265, 395 A.2d 317 (1978) (statutory provision that specifically controls admission of physicians' certificate as evidence in workers' compensation case prevails over general statute concerning liberal application of rules of evidence).

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of July, 2004, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.