The BUDD COMPANY, Petitioner

v.

WORKERS' COMPENSATION
APPEAL BOARD (KAN),
Respondent.

Tong Kan, Petitioner

v.

Workers' Compensation Appeal Board
(Budd Company), Respondent
(Two Cases).

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 2004.

Decided Sept. 16, 2004.

gaged in drug-related activity on the day the items were seized.)

Paul Auerbach, Merion Station, for petitioner.

Jane A. Lombard, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY judge SIMPSON.

Before the Court are the most recent [1] appeals of Tong Kan (Claimant) and the Budd Company (Employer) in complex, acrimonious litigation under the Workers' Compensation Act (Act).[2] At issue are three Board orders covering matters at five different docket numbers. Lamenting the flight of common sense from this litigation, we wade into the swamp.

## I. Background

### A. Facts

The tortured history of this litigation requires explanation. Claimant worked for Employer as a tool and dye maker. Claimant sustained a work-related lower back injury in mid-May 1992 (1992 injury),

---

1. *See Kan v. Workers' Comp. Appeal Bd. (Budd Co.)*, 852 A.2d 1286 (Pa.Cmwlth.2004) (Claimant not entitled to $452.50, representing the cost for his chosen nurse to accompany him to medical examinations requested by Employer).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626(Act).

and Employer paid temporary total disability benefits. After several changes in status memorialized by various writings, benefits were suspended in May 1993 following Claimant's return to work.

In September 1993, Claimant sustained a second work-related injury when struck on the right side of his head (1993 injury). He did not lose time from work, but he experienced head and neck pain and dizziness. For about a month he was treated at Employer's medical dispensary and provided medications. After that treatment, Claimant treated with Ronald Zweibaum, D.C. (Claimant's chiropractor). Claimant continued working until February 1995 when Employer laid him off for economic reasons.

### B. Procedure

#### 1. Reinstatement Petition

Thereafter, Claimant filed two petitions. First, he filed a reinstatement petition for the 1992 injury. Claimant alleged, since his lay off, he was unable to find work consistent with residual disability from his 1992 injury. Claimant requested attorney fees, payment of medical bills, and partial disability benefits during periods when he claimed he earned less than his average weekly wage.

#### 2. Claim Petition

Second, he filed a claim petition for the 1993 injury. In this petition Claimant sought payment of a $790 chiropractor bill and attorney fees.

#### 3. UR Petition

In addition to denying Claimant's allegations, Employer filed a petition for review of a Utilization Review (UR) Determination[3] in which it challenged the reason-

ableness and necessity of the medical treatment Claimant received from Avrom Brown, D.O. (Claimant's osteopath) for his 1992 injury.

#### 4. Initial Penalty Petition

During hearings, Claimant orally amended his petitions to include an initial penalty petition, alleging various violations of the Act.

#### 5. First Board Order

After a first Workers' Compensation Judge (WCJ) denied his petitions, Claimant appealed. In a February 1999 decision, the Board reversed in part, vacated and remanded in part, and affirmed in part. (First Board Order). In this order the Board took several steps: (1) it reversed the first WCJ's decision denying Claimant's reinstatement petition, thereby granting reinstatement for the 1992 injury as of the 1995 lay off; (2) it remanded for consideration of Claimant's wage records following his 1992 injury and before the lay off; (3) it vacated denial of the claim petition and remanded for a determination of the causal relationship between the 1993 injury and Claimant's chiropractor's $790 bill; (4) it remanded for determination and award of counsel fees for unreasonable contest and costs on Employer's UR petition; and, (5) it affirmed denial of the initial penalty petition.

#### 6. Remand WCJ

The matters were assigned to a new WCJ on remand (remand WCJ). She held several hearings and rendered the following decisions.

Regarding the 1992 injury, the remand WCJ ordered Employer pay Claimant to-

---

**3.** Section 306(f.1) of the Act, 77 P.S. § 531(6), provides for a UR process intended as an impartial review of the reasonableness or ne- cessity of medical treatment provided for work-related injuries or illnesses.

tal disability benefits for May 16 and 17, 1992, and partial disability benefits for July 6–August 16, 1992 and May 10, 1993–May 5, 1995, based on the earnings records submitted pursuant to the remand. The remand WCJ found Claimant did not prove any wage loss for the week of August 17, 1992.

Regarding the 1993 injury, the remand WCJ granted the claim petition in part and directed Employer pay Claimant's chiropractor bill, subject to the cost containment and UR provisions of the Act, provided the chiropractor submit his bills to Employer in the required manner.

Regarding unreasonable contest attorney's fees on the UR petition, the remand WCJ ordered payment of one quarter of attorney fees and litigation costs.

### 7. Penalty Petition II

After the remand WCJ circulated her order, Claimant filed another penalty petition (Penalty Petition II) alleging Employer's checks were not timely issued. Ultimately, the remand WCJ awarded a penalty on this petition.

### 8. Second Board Order

Both parties appealed. In its February 2004 decision the Board affirmed the remand WCJ's actions (Second Board Order).

### 9. Third Board Order

In March 2004, the Board affirmed the separate award of a penalty in Penalty Petition II (Third Board Order). The Board also agreed Employer's contest was reasonable because of a supersedeas request pending at the time.

■ Both parties appeal and raise multiple issues.[4] By way of summary, Employer challenges the grant of reinstatement of benefits for the 1992 injury, challenges two days of benefits in 1992, challenges propriety of payment of the chiropractor bill, and contests the method of calculating the award of Claimant's attorney's fees. Claimant seeks to expand the award of attorney's fees, costs and penalties, seeks relief from the requirement that the chiropractor's bill be submitted in accordance with the Act and seeks an additional week of compensation. We address each issue.

## II. First Board Order

### A. Employer's Appeal—Reinstatement for 1992 Injury

Employer claims it was error for the Board to reverse the denial of Claimant's reinstatement petition, thereby granting reinstatement. Employer claims, in so deciding, the Board substituted its credibility determination for that of the fact-finder.

The essential question involving reinstatement was a factual one: did Claimant return to work after the 1992 injury with restrictions requiring job modification? If he returned to modified work, the loss of earning power following the 1995 lay off was presumed related to that injury. *Klarich v. Workers' Comp. Appeal Bd. (RAC's Association)*, 819 A.2d 626 (Pa.Cmwlth. 2003); *Teledyne McKay v. Workmen's Comp. Appeal Bd. (Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth.1997). If, however, Claimant returned to the time-of-injury job, he had the burden to affirmatively establish the causal connection between the 1992 injury and the loss of earnings following the 1995 lay off. *Vista Int'l Hotel v.*

---

4. This Court's review is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether errors of law were committed or constitutional rights violated. *City of Phila. v. Workers' Comp. Appeal Bd. (Siravo)*, 789 A.2d 410 (Pa.Cmwlth.2001).

*Workmen's Comp. Appeal Bd. (Daniels),* 560 Pa. 12, 742 A.2d 649 (1999).

The first WCJ considered conflicting evidence. She rejected Claimant's testimony about restrictions as inconsistent.[5] She accepted testimony from Employer's witness, Claimant's occasional supervisor, that Claimant returned to his prior job duties and performed them fully and without complaint. The first WCJ found Claimant "returned to work without restrictions in May 1993 and fully performed his preinjury position . . . until he was laid off due to manpower restrictions." Decision Circulated 8/29/97, Finding of Fact (F.F.) 14.

The Board reversed this decision, opining that Claimant's testimony as a whole was consistent. The Board also referenced an acknowledgment by Employer's witness on cross-examination that he was aware of physician restrictions placed on Claimant when he returned to work. The Board determined Claimant returned to work with restrictions, thus enabling him to rely on the presumed relationship between subsequent loss of earnings and the 1992 injury.

■ A WCJ must adequately explain why she rejected competent, conflicting evidence. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transport),* 574 Pa. 61, 828 A.2d 1043 (2003). Where the factfinder receives testimony by deposition, "some articulation of the actual objective basis for the credibility determination must be offered for the credibility decision to be a 'reasoned' one which facilitates effective appellate review." *Id.* at 78, 828 A.2d at 1053.

Medical restrictions are material only if they require modification of a claimant's job duties. *Klarich.* Where a claimant, in spite of those limitations, is still able to perform his time-of-injury job, he is not entitled to the presumption. *Id.; see Folk v. Workers' Comp. Appeal Bd. (Dana Corp.),* 802 A.2d 1277 (Pa.Cmwlth.2002); *Teledyne.*

■ After careful review of the Claimant's deposition testimony, we agree with the Board that the record lacks substantial evidence to support the first WCJ's reason for her rejection of Claimant's testimony. *Daniels.*

Although not so described, the Board thereafter apparently applied a capricious disregard analysis to Claimant's testimony. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002) (review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every agency case in which such question is raised). It apparently determined the testimony could not be disregarded as a matter of law.

Once the Board correctly concluded that the basis for rejecting Claimant's testimony was unsupported in the record, the Board had several choices as to further proceedings on the reinstatement petition. One option was to undertake a capricious disregard analysis. Doing so was not an abuse of discretion here. Further, Claimant's deposition clearly supports the Board's determinations. Among other things, the Claimant described modifications in his time-of-injury job. Under these circumstances, the Board correctly

---

**5.** In the Decision Circulated 8/29/79, F.F. 11, the first WCJ found:

> The Judge rejects Claimant's testimony as not persuasive that he was unable to fully perform his preinjury position as a tool and die maker was performing this with restric-

tions from May 1993 until his lay off in February 1995 for he made inconsistent statements regarding this and at one point testified that during this period he was performing his regular job as a tool and die maker.

afforded Claimant a presumption of causal connection. For these reasons, we decline the invitation to disturb the reinstatement of benefits.

## B. Claimant's Appeal—Denial of Initial Penalty Petition

Claimant sought penalties for numerous alleged violations of Bureau regulations. The first WCJ found merit in some of the alleged violations but declined to impose penalties. The Board affirmed the first WCJ's refusal to award a penalty as within the fact-finder's discretion. Claimant contends the Board's inconsistency in reversing and vacating on some issues but not on the initial penalty petition amounts to error.

██ An award of penalties is within the discretion of the fact-finder. *Dow v. Workers' Comp. Appeal Bd. (Household Finance Co.)*, 768 A.2d 1221 (Pa.Cmwlth. 2001). Imposition of a penalty is not required even if a violation of the Act is apparent on the record. *Candito v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth.2001).

██ The Board did not err in affirming the discretionary decisions of the first WCJ. It was within the discretion of the first WCJ to decline to award penalties for what she concluded were "technical violations." *Candito.* No abuse of that discretion is evident.

Moreover, the Board properly attempted to narrow the issues on remand. Despite the parties' craving for endless relitigation of all issues, the Board need not require full rehearings until a perfect result is reached. Such an approach would burden parties and authorities with needless costs and delay.

As part of his argument on violations supporting penalties, Claimant invites us to revisit particular evidentiary rulings. In particular, a deposition of Employer's medical director was initiated, but cross-examination by Claimant was not completed. When Employer attempted to introduce the transcript of the incomplete deposition, Claimant objected. The first WCJ sustained the objection. Later, Claimant offered the same transcript. Returning the favor, Employer objected, and the objection was sustained. No party finished the deposition, which was never received into evidence. The Board concluded these rulings were within the first WCJ's discretion.

██ These circumstances do not compel a penalty. It is so clearly within the discretion of a WCJ to admit only a completed deposition that further discussion is unnecessary. *See* Pa.R.E. 106, Comment—1998 (the trial court has discretion to decide whether other parts, or other writings or recorded statements, ought in fairness to be considered contemporaneously with the original portion). Nor is error evident in the application of this approach equally to both parties.[6]

For the foregoing reasons, the Board did not err when it affirmed the first WCJ's denial of penalties.

## C. Claimant's Appeal—Limited Scope of Remand

The Board reinstated total disability benefits as of Claimant's lay off in 1995 in

---

**6.** Also, Claimant contends the first WCJ abused her discretion by failing to draw an adverse inference from Employer's decision not to complete its medical director's deposition. This argument fails. The determination that no adverse inference should be drawn from the absence of Employer's medical evidence was within the first WCJ's discretion as fact-finder. *See Bennett v. Sakel,* 555 Pa. 560, 725 A.2d 1195 (1999). This is especially true here, where Claimant's objection prevented receipt of the evidence.

its First Order. It also remanded for receipt of wage records and determinations as to disability benefits for periods before reinstatement. As directed, the remand WCJ focused on benefits before the 1995 reinstatement.

Also, the first WCJ found Employer's contest of the reinstatement and claim petitions reasonable, but the contest of the UR Petition unreasonable; however, she did not award attorney fees.[7] In its First Order, the Board vacated and remanded with direction to determine and award a reasonable sum of attorney fees and costs "for [Employer's] unreasonable contest of the UR Petition." As directed, the remand WCJ restricted her consideration to the UR Petition.

Claimant raises a number of unfocused arguments essentially seeking enlargement of attorney fees and costs based on various theories. Among them, Claimant apparently contends that the Board erred in limiting the remand to the benefits owed before Claimant's 1995 layoff, because doing so limits his ability to seek penalties and attorney fees for other Employer conduct. He urges review of all issues on which he did not prevail.

■ The Board's power to remand a case is limited to where findings are not supported by substantial evidence or where the fact-finder failed to make a finding on a crucial issue. *Craftsmen v. Workers' Comp. Appeal Bd. (Krouchick)*, 809 A.2d 434 (Pa.Cmwlth.2002), *appeal denied*, 573 Pa. 686, 823 A.2d 146. (2003). Also, remand is proper where findings are unclear or if the findings do not plainly set forth the basis for rejecting a claim. *Id.*; *see* Section 419 of the Act, 77 P.S. § 852.

■ The Board did not err in its efforts to narrow the issues on remand, thereby attempting to streamline further litigation. As noted, the Board may order remand only in limited circumstances. The limited circumstances justifying remand did not exist for issues beyond those remanded. Also, as previously discussed, the Board should attempt to narrow the issues as a matter of sound administrative policy. For the foregoing reasons, the breadth of the remand here constitutes neither an error of law nor an abuse of discretion.

■ As to Claimant's effort to expand the award of attorney fees on the basis of unreasonable contest, he again highlights the incomplete medical deposition. Claimant specifically argues the absence of medical testimony left Employer without a reasonable contest. However, the testimony of Claimant's supervisor referenced before established a reasonable basis to contest the reinstatement and claim petitions. *Steeple v. Workers' Comp. Appeal Bd. (Liquor Control Bd.)*, 796 A.2d 394 (Pa. Cmwlth.2002) (a reasonable contest is one prompted by a genuinely disputed issue and not merely done to harass a claimant).

For the reasons discussed, we discern no error in the scope of the remand generally, and we discern no error in the refusal to reopen the issue of attorney fees on the reinstatement and claim petitions.

### III. Second Board Order

### A. Employer's Appeal—Award of Fees and Costs on UR Petition

■ Because Claimant's counsel was unable to specify his fees and costs attributable to the UR petition, the remand WCJ apportioned by dividing the total amounts claimed by the number of petitions (four at that time). The Board af-

---

7. The first WCJ declined to award attorney fees for the UR Petition because Claimant's attorney could not specify the fees related solely to that part of the litigation.

firmed the estimate in its Second Order. Both parties challenge the method employed by the remand WCJ.

Employer challenges the apportionment as arbitrary because the remand WCJ failed to make findings as to complexity of issues, skill required, duration of the proceedings, or time and effort expended. Also, it contends the percentage approach inflates the importance of an otherwise minor portion of the litigation.

Section 440 of the Act, 77 P.S. § 996, **Contested cases regarding liability; attorney's fees and other costs; limitation and calculation,** provides (with emphasis added):

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, *the employe* or his dependent, as the case may be, *in whose favor the matter at issue has been finally determined in whole or in part shall be awarded,* in addition to the award for compensation, *a reasonable sum for cost incurred for attorney's fee, witnesses, necessary medical examination,* and the value of unreimbursed lost time to attend the proceedings: *Provided: That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or insurer.*

(b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and

effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

The recent case of *Vitac Corp. v. Workers' Comp. Appeal Bd. (Rozanc),* 817 A.2d 1205 (Pa.Cmwlth.2003), *rev'd on other grounds* 578 Pa. 574, 854 A.2d 481 (2004) is instructive. There, attorney fees were awarded to a claimant on one of two petitions. As here, the claimant's attorney could not differentiate time spent solely on the successful petition. We affirmed a percentage method of apportionment of attorney fees.

Though the Supreme Court reversed this case on other grounds, it specifically declined to consider the percentage apportionment of the attorney fees. *Vitac,* 854 A.2d at 483, n. 3. Because the decision was reversed, *Vitac* is not precedential in support of the apportionment here; however, because our Supreme Court explicitly declined to address the issue, the case does not compel a contrary result. The current significance of our decision in *Vitac* is our demonstrated willingness to approve a percentage apportionment in appropriate circumstances.

Given the unappealed finding here that Employer's contest of the UR Petition was without reasonable basis, some award for attorney fees was required. 77 P.S. § 996(a). Claimant's attorney could not accurately segregate fees and costs attributable solely to that Petition. Under those circumstances, the remand WCJ's estimates were necessary and reasonable, and we will not disturb them.

We reject Employer's suggestion that the remand WCJ failed to make findings to support the apportionment. A fair reading of the extensive decision by the remand WCJ, especially Findings 18 and 19(i)-(m), explains the apportionment. Employer's arguments seeking greater precision are rejected as entirely unreasonable in the complex circumstances it helped create by raising a contest without reasonable basis.

### B. Claimant's Appeal—Award of Costs on UR Petition

Claimant questions the apportionment, because the percentage method returns only one-quarter of his costs. At issue are about $1202 in pre-remand costs. He argues these costs should be recovered in full without any apportionment.

■ We agree that the statute treats attorney fees in a manner different than other litigation costs. Thus, the language of Section 440 of the Act, 77 P.S. § 996(a), conditions an award of attorney fees on the absence of a reasonable basis for the contest; however, no such condition is placed on other costs, which shall be awarded where the matter has finally been determined in whole or in part in a claimant's favor. Here, because Claimant prevailed in part, he was entitled to an award of litigation costs irrespective of the reasonable basis of Employer's contest. We therefore reverse the Second Board Order to the limited extent that it failed to award Claimant the entire $1602.85 incurred before the first WCJ.

### C. Employer's Appeal—Payment of Chiropractor Bill

Employer next challenges the grant of the claim petition for the 1993 injury. Employer alleges the remand WCJ illegally reversed the first WCJ's credibility determinations and relied on a report by Claimant's chiropractor that did not comply with the report content requirements of Section 422 of the Act, 77 P.S. § 835.[8]

■ This argument is without merit. The remand WCJ enjoyed complete authority to decide the case within the bounds prescribed by the Board. *Thomas v. Workmen's Comp. Appeal Bd. (State Farm Ins. Companies)*, 78 Pa.Cmwlth. 274, 467 A.2d 430 (1983). She accepted Claimant's testimony as credible, and she rejected as not credible the conflicting testimony of Employer's witness. There is no error evident, because a fact-finder may make different findings on remand if, as here, the purpose of the remand is to make new factual findings. *Shustack v. Workmen's Comp. Appeal Bd. (B–D Mining Co.)*, 141 Pa.Cmwlth. 296, 595 A.2d 719 (1991); *see Reinert v. Workers' Comp. Appeal Bd. (Stroh Companies)*, 816 A.2d 403 (Pa.Cmwlth.2003).

Also, the remand WCJ properly relied upon a report by Claimant's chiropractor, finding the report "clearly states there is a causal connection between the events of September 14, 1993 and the Claimant's

---

8. The second paragraph of 77 P.S. § 835 provides (with emphasis added):

Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either *the employe* or the employer *may submit a certificate by any health provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any,* and sworn reports by other witnesses as to any other facts *and such statements shall be admissible as evidence of medical and surgical or other matters therein stated* and findings of fact may be based upon such certificates or such reports. Where any claim for compensation at issue before a workers' compensation judge exceeds fifty-two weeks of disability, a medical report shall be admissible as evidence unless the party that the report is offered against objects to its admission.

physical injuries." Remand WCJ Decision, F.F. 19a.

■ Reliance on a chiropractor's report is appropriate where, as here, disability of 52 weeks or less is at issue. 77 P.S. § 835; *CPV Mfg., Inc. v. Workers' Comp. Appeal Bd. (McGovern)*, 805 A.2d 653 (Pa.Cmwlth.2002). Also, medical office notes are admissible under the statutory provision. *Westinghouse Elec. Corp./ CBS v. Workers' Comp. Appeal Bd. (Simon)*, 821 A.2d 1279 (Pa.Cmwlth.2003), *appeal denied*, 574 Pa. 768, 832 A.2d 437 (2003).

■ Considering the language of the Act and the cases decided thereunder, a report is competent evidence where disability of 52 weeks or less is at issue. Whether the content of the report sufficiently addresses matters at issue and whether the report is persuasive are questions relating to credibility and to weight rather than to admissibility. We note that the statute permits a health provider certificate containing information which shall be admissible as evidence "of medical or surgical matters therein stated. . . ." We specifically reject Employer's argument that a report must contain information on all topics mentioned in the statute before it is competent evidence; rather, the document must originate from a health provider and must address the matters at issue.

For these reasons, the remand WCJ did not err in considering the chiropractor's bill.

**D. Claimant's Appeal—Payment of Chiropractor Bill**

Repeated throughout his argument in various forms, Claimant assigns as error the Board's failure to require immediate payment of his chiropractor bill for $790, together with penalty and attorney fees for unreasonable contest of the bill.

■ In rejecting Claimant's contention, the Board noted the finding that the treatment occurred when the medical cost containment provisions found in Section 306(f.1) of the Act[9] were in effect. Pursuant to those provisions, an employer is only responsible to pay reasonable and necessary medical bills submitted in the prescribed manner. Here, the chiropractor's bill was not properly submitted. *AT & T v. Workers' Comp. Appeal Bd. (DiNapoli)*, 728 A.2d 381 (Pa.Cmwlth.1999) (a claimant's physician had to submit his bills on forms mandated by the Act); 34 Pa. Code §§ 127.202(a), 203(a)(d). As compliance with the regulations is a prerequisite for that payment obligation, the Board was correct in its handling of this issue.

■ As to the breadth of the remand WCJ's work in general, and her refusal to consider penalties and attorney fees beyond the directions she received in the First Board Order in particular, we previously explained our approval for the scope of the remand. Where a case is remanded for a specific and limited purpose, a WCJ may not decide issues not encompassed within the remand order, but rather must confine her findings to the stated purpose of the ordered remand. *McCloskey v.*

**9.** The Act of July 2, 1993, P.L. 190, commonly known as Act 44, amended the Act. Section 306(f.1)(2) of the Act, 77 P.S. § 531, provides:
 Any provider who treats an injured employee shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

*Workmen's Comp. Appeal Bd.*, 501 Pa. 93, 460 A.2d 237 (1983); *Harmon Mining Co. v. Workmen's Comp. Appeal Bd. (Haas)*, 157 Pa.Cmwlth. 326, 629 A.2d 312 (1993). Thus, the remand WCJ was not free to consider issues beyond those set forth in the First Board Order. Her refusal to expand her mandate is neither error nor abuse of discretion.

### E. Employer's Appeal—May 16 and 17

Employer challenges that part of the Second Board Order affirming the remand WCJ's award of total disability benefits for May 16 and 17, 1992. At issue are approximately $130 in benefits. Employer notes the first WCJ specifically found Claimant failed to prove his entitlement to benefits for those dates.

Employer's argument ignores the function of a WCJ after a Board remand. The Board remanded for admission of Claimant's wage records, additional findings and testimony "including a determination of whether Claimant is entitled to wages and/or benefits during these periods." Second Board Order at 16. As previously discussed, a fact-finder may make different findings on remand where, as here, the purpose of the remand is to make new findings. *Reinert*; Shustack. No error is evident in findings by the remand WCJ that differed from those made by the first WCJ.

The remand WCJ was specific in her finding 19(f):

> Based on the Claimant's credible testimony and the Employer's filing of an NCP related to the May 15, 1992 work injury, the Claimant suffered a loss of wages on May 16, 1992 and May 17, 1992 and is entitled to total disability benefits for these two days.

We reviewed the above-referenced Notice of Compensation Payable. In it, Employer stated Claimant's injury occurred on May 15, 1992, a fact repeated in the supplemental agreement of August 1992. Given these admissions by Employer, the Board did not err in affirming the remand WCJ on this point.

### F. Claimant's Appeal—Week of August 17, 1992

 Claimant alleges error in the failure to award total disability benefits for the week of August 17, 1992. At issue are approximately $422 in benefits. The remand WCJ found there was not sufficient evidence that "Claimant suffered a wage loss [during that week] particularly since [he] was unable to indicate whether he worked during that time period." Remand WCJ Decision, F.F. 19h.

The Board noted Employer's records indicating Claimant received no wages for that week. Claimant's testimony revealed he was uncertain whether he worked that week. After reviewing this conflicting evidence, the Board affirmed the remand WCJ in its Second Order.

We carefully reviewed the documents mentioned above as well as the May 1993 supplemental agreement. There the parties listed Claimant's previous periods of disability. Those periods did not include the August 17, 1992 week. Therefore, it was not error for the Board to affirm the remand WCJ, because her finding was supported by substantial evidence.

### IV. Third Board Order: Penalty Petition II

Penalty Petition II arises from a delay of 55 days between Employer's receipt of the remand WCJ's decision and its mailing of two benefit checks. The remand WCJ found the delay was a clear violation of the Act and assessed a 10% penalty of $4,665.16 based on the total amount of the two tardy checks. In addition, the remand

WCJ found Employer's contest reasonable, as Employer's supersedeas request was pending.

In its Third Order the Board determined the record supported the finding that Claimant submitted only two checks, not four, in support of Penalty Petition II. Also, it affirmed the reasonableness of Employer's contest. The Board noted that although Employer's supersedeas was denied, its contest was reasonable; otherwise, an employer's right to request supersedeas would be futile as it would still be required to pay while the request was pending. We agree.

Claimant appealed, contending Employer delayed four payments, not two, and the penalty should be increased accordingly. Claimant also seeks attorney fees.

Here, the record reveals Claimant submitted only two checks in support of its petition. Claimant's plea that we consider extra-record evidence is of no avail. *Floria v. Workers' Comp. Appeal Bd. (General Electric)*, 697 A.2d 597(Pa.Cmwlth.1997) (improper to include documents in reproduced record not in certified record). The Board's dismissal of Claimant's appeal regarding Penalty Petition II was proper.

In addition, we see no error in the determination that Employer established a reasonable basis for its contest, thereby justifying the absence of assessed attorney fees. The Board recognized that Employer's pending supersedeas request made uncertain its duty to pay.

We recently decided *Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 847 A.2d 139 (Pa.Cmwlth.2004), where, like here, a penalty was assessed for an employer's failure to pay an award while its supersedeas request remained pending before the Board. We held it was an abuse of discretion to award a penalty in such a circumstance. Consistent with *Snizaski*, we hold that Employer established a reasonable basis for failure to pay an award while its supersedeas request remains pending.[10]

For the reasons stated, we affirm in part and reverse in part.

### ORDER

AND NOW, this 16th day of September, 2004, the order of the Workers' Compensation Appeal Board dated December 1, 1999 in Nos. A97–3991 and A97–3992 is **AFFIRMED**.

The orders of the Workers' Compensation Appeal Board in No. A02–0689 and No. A02–0690, dated February 27, 2004, and in No. A02–2670, dated March 9, 2004, are **REVERSED** so as to award full litigation costs to Tong Kan, and **AFFIRMED** in all other respects.

**10.** As Employer did not appeal from the Third Board Order, we do not address the propriety of the penalty awarded here.