IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Lawhorne, : 
         : 
         Petitioner : 
         : 
         v. : No. 1519 C.D. 2023
         : Submitted: November 7, 2024
Lutron Electronics Co., Inc. : 
(Workers' Compensation : 
Appeal Board), : 
         : 
         Respondent : 

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: December 18, 2024

This matter returns to us following our decision in *Lawhorne v. Lutron Electronics Co., Inc. (Workers' Compensation Appeal Board)*, 284 A.3d 239 (Pa. Cmwlth. 2022) (*Lawhorne I*). Therein, we reversed the order of the Workers' Compensation Appeal Board (Board), which affirmed a workers' compensation judge's (WCJ) decision to deny Denise Lawhorne's (Claimant) request for litigation costs regarding the deposition of Samuel Grodofsky, M.D. His testimony, although not credible, related to Claimant's successful defense against the termination petition filed by Lutron Electronics Co. (Employer). We therefore remanded to the Board with instructions to further remand to the WCJ to "calculate and assess an award of

[Dr. Grodofsky's] deposition fee insofar as it reasonably related to the issue of whether [Claimant] had fully recovered from her work-related injury . . . ." *Lawhorne I*, 284 A.3d at 246.

Claimant now petitions for review of the Board's order that affirmed the WCJ's decision on remand. Consistent with our order, the WCJ determined that Claimant was only entitled to a portion of the deposition fee - $1,266.67 – under Section 440(a) of the Workers' Compensation Act (Act).[1] Upon review, Claimant argues that she was entitled to the full cost of Dr. Grodofsky's deposition fee. We affirm.

## I. Background

On October 4, 2018, Claimant sustained an injury in the course and scope of her employment and subsequently began receiving workers' compensation benefits. Following her return to work, Employer issued a Notice of Suspension or Modification to reduce her weekly disability benefits from full to partial. However,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a). Section 440(a) of the Act provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

*Id*.

Claimant filed a Review Petition seeking to expand the description of her injury as well as a Reinstatement Petition and Penalty Petition. After the petitions were consolidated for disposition by a WCJ, Claimant withdrew her Penalty Petition and Employer filed a Termination Petition. As indicated, Claimant presented the deposition testimony of Dr. Grodofsky at the WCJ's hearing.

The WCJ ultimately rejected Dr. Grodofsky's testimony and denied Claimant's Review and Reinstatement Petitions. However, the WCJ also rejected the testimony of Employer's medical witness and denied Employer's Termination Petition, such that Claimant remained entitled to ongoing partial disability benefits. Because Claimant partially prevailed before the WCJ, by successfully defending the Termination Petition, the WCJ determined that she was also entitled to litigation costs "but less the $3,800 fee for Dr. Grodofsky's deposition." *Id.* at 243. On appeal, the Board affirmed, prompting Claimant to petition for review of the Board's order in this Court.

We reversed and remanded. After observing that Section 440(a) of the Act requires that a party shall receive a reasonable sum for litigation costs when a party succeeds in whole or in part, we reasoned that "no qualification, either in statute or case law, [states] that the costs incurred [in the litigation] must contribute to the success of the matter at issue." *Lawhorne I*, 284 A.3d at 244.

> To conclude that the fee must not merely relate to "the matter at issue" upon which the claimant prevailed but must directly contribute to the success of that issue, would impose an additional element not set forth in the Act and undermine the remedial purpose of the Act. *See* 77 P.S. §996(a); [*Cairnbrook Coal Co. v. Workmen's Compensation Appeal Board*, 374 A.2d 766, 768 (Pa. Cmwlth. 1977)]. Furthermore, under such an interpretation, common litigation costs, such as reporting services or lost time to attend the proceedings that clearly

3

relate to the "matter at issue," but do not otherwise contribute to the success of the litigation, would no longer be subject to recoupment, which is at odds with the plain language of the Act. *See* 77 P.S. §996(a).

*Id*. at 245. We found the matter similar to a scenario in which the issue related to an award of attorney's fees under Section 440(a) following an employer's unreasonable contest. *Id*. (citing, *e.g.*, *Pennsylvania State University v. Workers' Compensation Appeal Board (Sox)*, 83 A.3d 1081, 1090 (Pa. Cmwlth. 2013) ("[A]ttorney's fees are assessed in an amount attributable to the litigation of that issue, and not the entire claim.")). Hence, we found this rationale applicable to litigation costs where a claimant prevails in part. *Lawhorne I*, 284 A.3d at 245 ("This is because costs incurred must be reasonable, and reasonable costs relate to the matter at issue upon which the claimant prevails.").

Next, we observed that Claimant did not present the deposition testimony of Dr. Grodofsky solely for the purpose of her Review and Reinstatement Petitions, but also to defend against Employer's Termination Petition. Notwithstanding the WCJ's rejection of Dr. Grodofsky's testimony, "the fact remain[ed] that certain portions of his testimony were related to 'the matter at issue' – the Termination Petition – in which Claimant prevailed." *Lawhorne I*, 284 A.3d at 246. Thus, we determined that "[i]nsofar as Dr. Grodofsky offered medical testimony in defense of the Termination Petition, Claimant [was] entitled to recoup a portion of his fee[,]" and we remanded for the Board to further remand to the WCJ to assess a fee for any costs related to the defense of the Termination Petition. *Id*.

On May 11, 2023, in accordance with our order, the WCJ circulated a decision in which he concluded that "[i]t is reasonable to reimburse Claimant $1,266.67 as a litigation cost for Dr. Grodofsky's deposition fee." WCJ's Decision, 5/11/23, at Conclusions of Law (C.L.) No. 4. The WCJ arrived at this decision even

4

though Claimant argued that she was entitled to the full sum of the fee.[2]  In relevant part, the WCJ observed that "[t]here is no record of Dr. Grodofsky's time to review or prepare for the deposition.  The only record of time is the approximate hour for the deposition testimony." *Id*. at 6.  Because three of the petitions before the WCJ involved the presentation of medical evidence, and Dr. Grodofsky testified regarding all three petitions, the WCJ concluded that it was appropriate to apportion the $3,800 fee among the three petitions and to award Claimant litigation costs for the single petition on which she succeeded.  WCJ's Decision at C.L. No. 3.

The Board affirmed the WCJ following Claimant's appeal.  While the Board acknowledged Claimant's arguments that Dr. Grodofsky's flat fee did not charge by the number of Petitions pending and that the Act does not explicitly permit a WCJ to modify billing amounts, the Board ultimately observed that "where costs are awarded but [an] employee's counsel cannot accurately segregate the costs attributable to the successful petition, the WCJ may estimate the costs attributable to the successful petition and approve a percentage apportionment." Board Opinion, 11/22/23, at 4 (citing *Budd Co. v. Workers' Compensation Appeal Board (Kan)*, 858 A.2d 170, 178-79 (Pa. Cmwlth. 2004)).  Thus, the Board declined to disturb the WCJ's discretionary award issued in accordance with our Court's instructions.  *Id*.  Claimant now petitions this Court for review.[3]

---

[2] Before the WCJ on remand, Employer argued that Claimant was only entitled to $11.40 of the fee as "99% of Dr. Grodofsky's deposition addressed petitions other than the Termination Petition."  WCJ's Decision at 5.  The WCJ described this argument as "creative," but determined that a "fee of $11.40 is by no stretch of the imagination reasonable."  *Id*.

[3] Our "review is limited to a determination of whether there has been an error of law, whether constitutional rights were violated, or whether necessary findings were supported by substantial evidence." *Jamieson v. Workmen's Compensation Appeal Board (Chicago Bridge & Iron)*, 691 A.2d 978, 982 (Pa. Cmwlth. 1997).  "Substantial evidence is such relevant evidence a

**(Footnote continued on next page…)**

## II. Issue

The sole issue Claimant advances on appeal is whether the WCJ's partial reimbursement of Dr. Grodofsky's fee, as opposed to a full reimbursement, is supported by the evidence of record or is incorrect as a matter of law.

## III. Discussion

In support of her position, Claimant argues that because she partially prevailed before the WCJ she is entitled to litigation costs on any contested aspect of the litigation. Claimant's Brief at 16 (citing *Reyes v. Workers' Compensation Appeal Board (AMTEC),* 967 A.2d 1071, 1078 (Pa. Cmwlth. 2009); *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717, 721 (Pa. Cmwlth. 2005); *Watson v. Workers' Compensation Appeal Board (Special People in Northeast and Eagle Trust Management)*, 949 A.2d 949 (Pa. Cmwlth. 2008)). In her view, to apportion the fee according to the number of petitions would unfairly reduce the litigation cost owed by Employer, because the fee – as evidenced by Dr. Grodofsky's invoice – represents Dr. Grodofsky's review of the medical records, his duplication of Claimant's charts, his preparation for the deposition, and his testimony. *Id*. at 15-17. Claimant therefore warns that affirming the Board's order would hinder future litigants' efforts to obtain expert medical witnesses, because similarly situated expert witnesses would be unwilling to testify without the guarantee of full compensation. *Id*. at 17. Claimant adds that the Act is silent on the issue of a WCJ modifying a claimant's billing, but that the General Assembly's enactment sought to prevent the sort of "creative accounting" that the WCJ engaged in here. *Id*. at 18. Finally, Claimant argues that our Supreme Court's decision in

reasonable mind might accept as adequate to support a conclusion." *WAWA v. Workers' Compensation Appeal Board (Seltzer)*, 951 A.2d 405, 407 n.4 (Pa. Cmwlth. 2008).

*Lorino v. Workers' Compensation Appeal Board (Commonwealth)*, 266 A.3d 487 (Pa. 2021), reflects the High Court's preference to appropriately compensate professionals for their representation or aid of injured workers. *Id*. at 19.

Employer responds by arguing that litigation costs are reimbursable under Section 440(a) of the Act when the costs are reasonable, *i.e.*, when the cost relates to the "matter at issue." Employer's Brief at 11 (citing *Jones*, 874 A.2d at 720). According to Employer, whatever the value of Dr. Grodofsky's preparation may have been, the evidence of record does not clarify exactly how his testimony related to the matter at issue: the defense of the Termination Petition. *Id*. at 12-13. Employer therefore believes that the WCJ did not err in apportioning the costs to the number of petitions initially under his consideration. *Id*. (citing *Budd*, 858 A.2d at 178-79).

We agree with Employer. Initially, Claimant's reliance on *Reyes* and *Jones* for the proposition that the award of litigation costs is a winner-take-all analysis is misleading. For example, Claimant suggests that, under *Reyes*, "a claimant is entitled to litigation costs where he or she prevails on any contested aspect of the litigation." Claimant's Brief at 16. Therein, however, we merely stated that "a claimant must prevail on the contested issue in order to be awarded litigation costs." *Reyes*, 967 A.2d at 1078 (quoting *Jones*, 874 A.2d at 721).

More precisely, instead of a specious winner-take-all analysis, Section 440(a) mandates that reasonable litigation costs be awarded when a claimant prevails in whole or in part. *See* 77 P.S. §996(a). "For litigation costs to be reasonable, the WCJ must ascertain the extent to which [the costs] relate to the 'matter at issue' on which [the c]laimant prevailed . . . ." *Jones*, 874 A.2d at 722. We made all of this clear in *Lawhorne I*, 284 A.3d at 244-46. Because "certain portions" of Dr.

7

Grodofsky's testimony were related to the Termination Petition on which Claimant succeeded, Claimant was entitled to "recoup a portion" of Dr. Grodofsky's fee insofar as his testimony related to the defense of the Termination Petition. *Id*. at 245-46. Thus, from the outset, we did not view Claimant as being entitled to the full reimbursement of Dr. Grodofsky's fee.[4] *Id*. Presumably, had Claimant been able to demonstrate that the entirety of Dr. Grodofsky's testimony related to the defense of the Termination Petition, then Claimant would be entitled to its entirety. However, Claimant's arguments to that effect are anemic at best.

First, while Dr. Grodofsky's invoice does indicate the extent of his preparation, it does nothing to clarify the extent to which that preparation related to Claimant's defense of the Termination Petition. Given that Dr. Grodofsky's testimony focused very sparingly on the Termination Petition, *see* WCJ's Decision at 5-6, it is possible that Dr. Grodofsky's review and preparation related to the defense of the Termination Petition in a similar proportion. Regardless, Claimant's argument that the very nature of Dr. Grodofsky's preparation means that the entire fee necessarily relates to the Termination Petition must fail.

We likewise reject Claimant's characterization of the WCJ's calculation as "creative accounting." Claimant's Brief at 18. To the contrary, the WCJ and the Board seem to have followed our lead in logically extending the

---

[4] In fact, Judge Wallace authored a dissenting opinion in which she explained her belief that "Section 440 [gives] a WCJ discretion to assess the reasonableness of an award of litigation costs on a case-by-case basis, even when the claimant prevailed, and even when the costs are related to the matter at issue." *Lawhorne I*, 284 A.3d at 248 (Wallace, J., dissenting). Thus, in the context of fees for expert witnesses, Judge Wallace would have found that Dr. Grodofsky's lack of credibility warranted denying Claimant litigation costs for his testimony. *Id*. This is of particular importance, because it demonstrates that this Court did not determine that Claimant was entitled to the full reimbursement of her litigation costs. Rather, we sought to determine whether Claimant was entitled to a *portion* of the fee or *none* of the fee.

rationale we apply to attorney's fees to other litigation costs. As indicated, in *Lawhorne I*, 284 A.3d at 245, we applied the same rationale that we apply in situations where employers unreasonably contest particular issues and the WCJ must apportion the attorney's fees to the extent the claimant succeeded. *See, e.g.*, *Peljae v. Workmen's Compensation Appeal Board (Mrs. Smith's Frozen Foods)*, 667 A.2d 763, 765-66 (Pa. Cmwlth. 1995) (explaining that the employer's contest was unreasonable as to certain issues, but not others, and remanding the matter for calculation and assessment of attorney's fees accordingly). We reasoned that "[t]his rationale for apportionment of attorney's fees logically extends to other litigation costs where a claimant prevails in part." *Id*.

Presently, the WCJ took this logic a step further and apportioned Dr. Grodofsky's fee among the number of petitions he testified to because the WCJ was unable to segregate the costs related to the Termination Petition from those relating to the Reinstatement and Review Petitions. Although Claimant describes this methodology as arbitrary, the methodology tracks our decision in *Budd*, 858 A.2d at 178.[5] Therein, the claimant was awarded attorney's fees, in part, because of the employer's unreasonable contest of a utilization review petition. *Id*. at 177-79. Because the claimant's attorney could not accurately segregate the costs of his counsel attributable solely to the employer's unreasonable contest from the three other petitions in the matter, the WCJ apportioned the fees by simply dividing the fees by the total number of petitions before him. *Id*. at 178. On appeal, we declined to disturb those estimates, determining that the methodology used was reasonable and necessary under the circumstances. *Id*. Just as we logically extended the

---

[5] *See also Pennsylvania State University*, 83 A.3d at 1091 n.14 (explaining that if the WCJ is unable to accurately segregate attorney's fees on remand, then the WCJ may need to employ the same calculation used in *Budd*).

rationale of apportioning attorney's fees to the portion of the litigation upon which Claimant succeeded in *Lawhorne I*, here, the WCJ logically extended the rationale of apportioning Dr. Grodofsky's fee among the total number of petitions where the costs could not accurately be segregated. The Board was therefore correct in declining to disturb the WCJ's partial award.

Finally, we are not persuaded by Claimant's argument that this decision will produce a chilling effect on the willingness of expert medical witnesses to testify on behalf of future claimants. We are confident that this decision, read together with our decision in *Lawhorne I*, will assure potential expert medical witnesses that reasonable litigation costs will be awarded to claimants **when appropriate**. For the same reason, we believe this decision effectuates, rather than inhibits, our Supreme Court's preference for appropriately awarding professionals who aid injured workers as articulated in *Lorino*. Thus, we find that the Board properly declined to disturb the WCJ's award of $1,266.67 for Dr. Grodofsky's deposition fee, as it was logical to extend the rationale articulated in *Budd* to other litigation costs where the fees are unable to be accurately segregated.

## IV. Conclusion

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Lawhorne,                          :
                                          :
                        Petitioner        :
                                          :
            v.                            : No. 1519 C.D. 2023
                                          :
Lutron Electronics Co., Inc.              :
(Workers' Compensation                    :
Appeal Board),                            :
                                          :
                        Respondent :

# **O R D E R**

AND NOW, this 18th day of December, 2024, the order of the Workers'
Compensation Appeal Board, dated November 22, 2023, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge