John DOE, a worker's compensation claimant, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (USAIR, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 1994.

Decided Jan. 5, 1995.

John F. Hooper, for petitioner.

John M. Cerilli, for respondent.

Before COLINS, P.J., NEWMAN, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The narrow issue before us herein is whether the Workmen's Compensation Ap-

peal Board (Board) erred in affirming a referee's decision and order dismissing a claim petition submitted by John Doe (Claimant) wherein Claimant sought compensation benefits for alleged clinical and situational depression, but refused to disclose medical information regarding his status as a Human Immunodeficiency Virus (HIV) sufferer to his employer, USAir, Inc., (Employer) in its defense of said claim at a time prior to the effective date of the Pennsylvania Confidentiality of HIV–Related Information Act (HIV Act).[1]

The facts of the matter are not in dispute and are as follows. Claimant worked for Employer as a flight attendant. On June 12, 1990, he filed a petition for compensation alleging that on January 4, 1990 he suffered a work-related injury in the nature of "Situational and Clinical Depression." (R.R. 1a). Claimant also filed a petition for reinstatement of compensation benefits as of January 4, 1990 citing the same allegations contained in his claim petition and seeking reinstatement of benefits for a work-related injury which he alleged to have suffered on February 24, 1987.

A hearing was conducted by the referee on August 27, 1990 at which time Claimant testified regarding the allegations contained in his petition. Claimant did not present any medical testimony at this time and the matter was continued to allow Claimant the opportunity to either depose or present live medical witnesses before the referee. On December 17, 1990, a second hearing was held before the referee. The referee noted on the record that Claimant had filed a motion in limine seeking to limit Employer's access to certain medical information relating to Claimant which Claimant asserted was irrelevant to a determination on his claim petition for depression and which Claimant asserted was private medical information protected from disclosure by the United States and Pennsylvania Constitutions.

The motion in limine disclosed that Claimant suffered from HIV and that it was this information which he sought to prevent Employer from obtaining and using in its defense of the claim petition. The referee advised Claimant that in his view Claimant's medical condition was relevant to Employer's defense of the matter and that medical testimony regarding his condition relative to Claimant's depression would be necessary. Claimant refused to allow disclosure of his medical condition as set forth in his motion in limine and the referee orally dismissed said motion and entered an order on December 21, 1990 dismissing both his claim petition and his petition for reinstatement.[2]

In rendering his determination the referee made the following relevant findings:

5. In his present Claim Petition alleging depression as his injury the Claimant refused to allow the Defendant access to medical records and information which may be pertinent. He continued to refuse such access when directed to do so by this Referee.

6. My observations of the Claimant convince me that the records and medical information which he wishes to withhold from this case are emotionally disturbing to the Claimant. Only a physician or other qualified practitioner's (sic) can evaluate the role of such disturbance in any depression which the Claimant may have.

(R.R. 219a–220a).

The referee then made the following relevant conclusion of law:

1. The Defendant can not properly defend on this case without access to and use of the medical records and information which the Claimant wishes to withhold.

(R.R. 220a).

The Board affirmed the referee's decision concluding that the referee properly dismissed Claimant's claim petition based upon

---

1. Act of November 29, 1990, P.L. 585, *as amended*, 35 P.S. §§ 7601–7612. The Act specifies an effective date of 90 days from November 29, 1990.

2. Claimant's petition for reinstatement was dismissed by the referee based upon the fact that said petition was predicated on an earlier alleged injury of February 24, 1987. The claim petition alleging the February 24, 1987 was denied by referee decision dated April 10, 1989 and at the time of the referee's decision herein was pending on appeal. The referee's dismissal of Claimant's reinstatement petition was not further raised on appeal.

his refusal to disclose medical information relating to his HIV infection to Employer. On appeal to this Court, Claimant asserts that both the referee and the Board erred in dismissing his claim petition because, he argues, the information he refused to disclose was privileged, private medical information which was not relevant to his claim petition. We disagree and affirm the Board's order.

 Initially we note that our scope of review from a decision of the Board is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings are supported by substantial evidence. *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.)*, 156 Pa.Commonwealth Ct. 565, 628 A.2d 519 (1993).

 There exists in Pennsylvania a general statutory prohibition against the disclosure of confidential medical information by a physician which would tend to blacken the character of his patient without the patient's prior consent. However, the legislature, in recognizing the need in civil litigation matters for disclosure of this information in order for a defendant to fully defend against claims for money damages, provided a waiver of this general prohibition. Section 5929 of the Judicial Code, 42 Pa.C.S. § 5929, provides as follows:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, *except in civil matters brought by such patient, for damages on account of personal injuries.*
> (Emphasis added).

There is no question that a claimant seeking compensation benefits in a workmen's compensation matter fits into this exception.

> Additionally, the rule has long been that where, as here, a party places his or her physical or mental condition in issue, the

privacy right against disclosing private medical information is waived. See *Moses v. McWilliams*, 379 Pa.Superior Ct. 150, 549 A.2d 950 (1988), *appeal denied*, 521 Pa. 631, 558 A.2d 532 (1989). *See also Ferrell v. Glen–Gery Brick*, 678 F.Supp. 111 (E.D.Pa.1987) (wherein privacy rights under Pennsylvanian law and Federal law were asserted to prevent the disclosure of a plaintiff's psychiatrist's notes in a sexual harassment action and the court held that the right to privacy for nondisclosure of said information was waived); *Dennie v. University of Pittsburgh School of Medicine*, 638 F.Supp. 1005 (W.D.Pa.1986), (wherein it was held that the release of medical information regarding a plaintiff's medical condition was warranted where the plaintiff placed his physical condition at issue by instituting a law suit).

 We are not unmindful of the Pennsylvania Legislature's recent passage of the HIV Act, wherein the Legislature recognized the importance of the need for confidentiality in matters relating to one's status as an HIV sufferer. However, as noted previously herein, the HIV Act did not become effective until 90 days after November 29, 1990. Claimant, herein, filed his claim petition on June 12, 1990 and the matter was determined by the referee on December 21, 1990 prior to the HIV Act's effective date. Therefore, we do not find the HIV Act applicable or controlling in this matter as it was not in effect at the time of the referee's decision.[3] In addition, while we do not decide under the HIV Act whether the information subject to disclosure herein would be subject to disclosure under the Act, we do point out that the Act does not prohibit disclosure of one's positive HIV status but merely requires one demonstrate a "compelling need" for the information and then sets forth various safeguards against further disclosure.

 Based on the foregoing and in accordance with our scope of review, we conclude that the referee's findings were supported by substantial evidence of record, no errors of

---

**3.** We note that the HIV Act was not raised by the Claimant until his appeal to this Court and, as noted, we do not find it applicable based upon the time of filing by the Claimant in this matter.

law were committed and no constitutional violations occurred. Accordingly, we affirm the Board's order.

## ORDER

AND NOW, this 5th day of January, 1995, the order of the Workmen's Compensation Appeal Board dated October 12, 1993 is affirmed.