The PENNSYLVANIA STATE UNI-
VERSITY and The PMA Insur-
ance Group, Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (SOX),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 2013.
Decided Dec. 19, 2013.
Reargument Denied Feb. 10, 2014.

Darryl R. Slimak, State College, for petitioner.

Mark A. Givler, Lock Haven, for respondent Thomas Sox.

Fred H. Hait, Harrisburg, for amicus curiae Pennsylvania Association for Justice.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge BROBSON.

The Pennsylvania State University (Penn State) and The PMA Insurance Group (collectively, Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board), dated February 26, 2013. The Board, *inter alia,*

affirmed a Workers' Compensation Judge's (WCJ) decision to award Thomas Sox (Claimant) attorney's fees for unreasonable contest and dismissed as moot a challenge to an interim ruling by the WCJ that limited Employer's counsel's communications with Claimant's treating physicians. For the reasons set forth below, we now affirm in part, vacate in part, and remand the matter for further proceedings.

## I. BACKGROUND

On June 26, 2006, Claimant sustained a work-related injury in the nature of a right rotator cuff tear, which his then-employer Keystone Central School District (Keystone) accepted by a Notice of Compensation Payable (NCP) issued on October 20, 2006. (Reproduced Record (R.R.) at 73.) Total disability benefits began on September 29, 2006, and they were suspended pursuant to a Notification of Suspension, effective October 16, 2006. (*Id.*)

Thereafter, on September 30, 2007, Claimant began working for Penn State. (*Id.* at 42.) On July 18, 2009, Claimant tripped while carrying a vacuum pump up a set of steps in order to fix an air conditioning unit at Penn State's chemical ecology lab, resulting in pain in his right shoulder. (*Id.* at 42–43.) Then, on October 18, 2009, Claimant caught his right arm in a door as he was exiting a restroom while working to replace a compressor at Penn State's main campus. (*Id.* at 43.)

On November 13, 2009, Employer issued a medical-only NCP for a right shoulder strain occurring on October 18, 2009. (*Id.*) On January 27, 2010, Claimant filed a claim petition against Employer, alleging that he suffered a work-related rotator cuff tear of the right shoulder on October 18, 2009. (*Id.* at 38, 40.) On March 16, 2010, Claimant filed a second claim petition against Employer, alleging that he suffered a work-related rotator cuff tear of the right shoulder on July 18, 2009. (*Id.* at 38, 40–41.) On August 4, 2010, Claimant filed two penalty petitions against Employer, alleging that Employer violated the Workers' Compensation Act (Act)[1] by failing to make timely payment of benefits for both alleged dates of injury—*i.e.,* July 18, 2009, and October 18, 2009. (*Id.* at 38, 41.) Claimant also filed a reinstatement petition against Keystone on March 12, 2010, asserting that he suffered a loss of earnings as of January 5, 2010, as a result of the work-related right rotator cuff tear caused by the June 2006 work injury. (*Id.* at 38, 40.) On November 10, 2010, Keystone filed a termination petition, asserting that Claimant recovered from the effects of the June 26, 2006 work injury by October 15, 2010, based upon an independent medical evaluation (IME) performed by David Rubenstein, M.D.[2] (*Id.* at 38, 41.) All parties filed answers denying the material averments of all petitions, which were consolidated for disposition, and the WCJ conducted hearings on the matter. (*Id.* at 38, 40–41.)

During those proceedings, Employer sought to depose James Serene, M.D., and Mark Bates, M.D., who were both treating physicians of Claimant and employees of Penn State. Claimant objected to the deposition of any treating physician by Employer, or, alternatively, requested an order prohibiting what is referred to as *ex parte* contact between Employer's counsel and any of those treating physicians. (*Id.* at 17.) By interim order issued on August 20, 2010, the WCJ overruled the objection in part. (*Id.* at 19–20.) Specifically, the WCJ allowed Employer to schedule the

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. Claimant returned to work on August 15, 2010. (R.R. at 47, 58.)

deposition of any treating physician, but prohibited counsel for Employer from having any *ex parte* contact with any physician to be deposed. (*Id.* at 19.) Furthermore, the WCJ permitted Claimant's counsel to cross-examine the particular physician as to any such *ex parte* contacts during any deposition. (*Id.* at 19–20.) Employer appealed the WCJ's order to the Board, which quashed the appeal to the extent that it sought review of the WCJ's disposition of Claimant's objection. (*Id.* at 33.) Specifically, the Board concluded that the WCJ's order was interlocutory in this regard.[3] (*Id.* at 31–33.)

Thereafter, Employer chose not to depose Drs. Bates and Serene. Rather, Employer submitted the physicians' medical reports to the WCJ in lieu of their deposition testimony.

The WCJ issued his final decision and order on June 29, 2011. The WCJ concluded that Claimant did suffer a July 18, 2009 injury of right shoulder pain, which was non-disabling. (*Id.* at 65.) The WCJ also concluded that Claimant suffered an October 18, 2009 work injury described as a right shoulder rotator cuff tear, which required surgery and resulted in total disability from January 5, 2010, to August 15, 2010. (*Id.*) Furthermore, the WCJ concluded that Claimant recovered fully from the 2006 work injury with Keystone, and that based on the credited opinion of Dr. Rubenstein, benefit entitlement related to the 2006 injury must be terminated effective October 15, 2010. (*Id.* at 65, 67.) The WCJ also concluded that Claimant had not recovered fully from the 2009 work injuries with Employer, but that benefits must be suspended effective August 15, 2010. (*Id.*)

In addressing an argument raised by Claimant relating to the WCJ's consideration of Drs. Bates' and Serene's medical reports and opinions, the WCJ considered Employer's assertion of attorney-client privilege regarding *ex parte* contacts between Employer's counsel and the treating physicians. The WCJ concluded that *ex parte* communications between Employer's counsel and the treating physicians were not privileged under Pennsylvania law generally. (*Id.* at 63.) The WCJ reasoned that the physicians were treating doctors for Claimant and that, therefore, Claimant enjoyed a physician-patient privilege with the treating physicians. (*Id.*) Hence, in the absence of consent, Employer's counsel was precluded from engaging in ex parte, non-disclosed communications with the treating physicians. (*Id.*) Furthermore, the WCJ rejected Employer's argument that pursuant to Pennsylvania Rule of Civil Procedure No. 4003.6, an attorney-client relationship existed between the treating physicians and Employer's counsel as a result of the treating physicians' status as employees of Penn State. (*Id.*) The WCJ reasoned that by requiring a claimant to treat with a panel physician,[4] the General Assembly did not intend to create a privilege for Employer's counsel's ex parte communications with the panel doctor. (*Id.* at 64.) The WCJ further reasoned that the Act's requirement of disclosing a

---

3. The WCJ's August 2010 order and the Board's order, issued on March 21, 2011, also disposed of other issues that are not presented on appeal to this Court.

4. *See* Section 306(f.1)(1)(i) of the Act, 77 P.S. § 531(1)(i) ("Provided an employer establishes a list of at least six designated health care providers, no more than four of whom may be a coordinated care organization and no fewer than three of whom shall be physicians, the employe shall be required to visit one of the physicians or other health care providers so designated and shall continue to visit the same or another designated physician or health care provider for a period of ninety (90) days from the date of the first visit.").

panel physician's employment with a defendant employer [5] would be of little value if communications between the panel doctor and the employer regarding the case were not discoverable. (*Id.*) Moreover, the WCJ noted that the fundamental rights of the parties in a workers' compensation case, including the right to confront and cross-examine witnesses, must be safeguarded. (*Id.*)

Nevertheless, the WCJ observed that neither Dr. Serene nor Dr. Bates were witnesses in this matter.[6] (*Id.*) The WCJ further noted that although he directed disclosure of *ex parte* contacts between Employer and the treating physicians in the interim order issued on August 20, 2010, nondisclosure could only be grounds for exclusion of evidence when the treating physicians testify. (*Id.*) The WCJ, therefore, overruled Claimant's objection to the admission of the treating physicians' reports, noting that the Act allows for submission of hearsay medical reports and records in cases such as this, wherein there is less than 52 weeks of wage loss benefit entitlement at issue.[7] (*Id.*)

The WCJ further concluded that Employer's contest was reasonable in part and not reasonable in part. (*Id.* at 65.) Specifically, the WCJ concluded that Employer's contest of the causal relationship, nature, and extent of disability related to the October 2009 injury was reasonable. (*Id.*) The WCJ further concluded that Employer's contest of liability regarding the July 2009 injury, based on lack of notice, was unreasonable in light of the testimony of Claimant and Claimant's supervisor, John Breezee (Breezee). (*Id.*) The WCJ also concluded that Employer failed to investigate properly the July 2009 incident and/or timely file a Notice of Compensation Denial (NCD). (*Id.*)

With respect to the attorney's fees requested by Claimant, the WCJ awarded $8,632.50. (*Id.* at 66.) The WCJ concluded that the bill submitted by Claimant's counsel was reasonable as to the time expended for services provided, but reduced the hourly rate requested from $225.00 to $150.00. (*Id.*) The WCJ also reduced the gross claim of $17,265.00 by 50% to reflect that portion of the contest which was reasonable as a matter of law. (*Id.*)

The WCJ also imposed penalties against Employer in the amount of 40% wage loss paid between January 5, 2010, and August 15, 2010. (*Id.* at 67.) The WCJ based his decision on the following: (1) Employer's failure to timely investigate the July 2009 injury; (2) Employer's failure to timely file an NCD or NCP with regard to the July 2009 injury; (3) Employer's assertion of a notice defense regarding the July 2009 injury; and (4) Employer's violation of the

---

5. *See* Section 306(f.1)(1)(i) of the Act, 77 P.S. § 531(1)(i) ("[T]the employer shall not include on the list [of designated health care providers] a physician or other health care provider who is employed, owned or controlled by the employer or the employer's insurer unless employment, ownership or control is disclosed on the list.").

6. Notably, the WCJ also observed that Employer indicated that it would have called Drs. Bates and Serene as witnesses but for the interim ruling of the WCJ on August 20, 2010. (R.R. at 55.)

7. *See* Section 422(c) of the Act, 77 P.S. § 835 ("Where any claim for compensation at issue before a workers' compensation judge involves fifty-two weeks or less of disability, either the employe or the employer may submit a certificate by any health care provider as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.").

Act and Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges (Judges' Rules)[8] requiring disclosure of complete records of the treating physicians, including contacts with Employer's counsel, when these doctors were being listed by Employer as testimonial witnesses.[9] (*Id.* at 66–67.)

As a result of the above conclusions, the WCJ (1) granted in part the claim and penalty petitions filed against Employer, (2) denied and dismissed Claimant's reinstatement petition, (3) awarded Claimant attorney's fees and penalties, and (4) granted Keystone's termination petition, among other things. (*Id.* at 67–69.)

Employer appealed to the Board. On February 26, 2013, the Board issued a decision and order, affirming the grant of the claim petitions and award of attorney's fees for unreasonable contest and reversing the grant of the penalty petitions and award of penalties. The Board first concluded that the WCJ did not err in finding that Claimant sustained a new injury on October 18, 2009. (*Id.* at 76.) The Board reasoned that the unequivocal testimony of Thomas Manning, M.D., a musculoskeletal radiologist, and Paul Suhey, D.O., Claimant's surgeon, established that Claimant sustained a new injury on October 18, 2009, rather than a recurrence of the 2006 injury. (*Id.* at 81.)

The Board also concluded that the issue of whether the WCJ erred in issuing his interim order, because such action violated attorney-client privilege, was moot. The Board stated that Section 422(c) of the Act permits submission of medical evidence by report where, as in this case, the period of disability is less than 52 weeks. (*Id.* at 84.) The Board concluded, therefore, that the submission of medical evidence by report, and the WCJ's admission and consideration of the reports, rendered the controversy over the interim order moot. (*Id.*)

Furthermore, the Board concluded that the WCJ erred in finding violations of the Act and awarding a penalty of 40% of the indemnity benefits paid between January 5, 2010, and August 15, 2010. Specifically, the Board concluded that although Claimant provided sufficient notice of an injury on July 18, 2009, Employer did not violate the Act by contesting notice. (*Id.* at 86.) Instead, the Board concluded that an award of attorney's fees for an unreasonable contest was appropriate. (*Id.*) The Board also concluded that although Employer failed to issue an NCP or NCD with respect to the July 18, 2009 injury, no compensation was awarded for that injury and, thus, there was no award upon which a penalty could be based. (*Id.* at 86–87.) The Board also disagreed with the WCJ's conclusion that Employer violated the Act and the Judges' Rules requiring disclosure of the complete records of the treating physicians, including contacts with Employer's counsel, when the panel physicians were listed as testimonial witnesses by Employer. (*Id.* at 87.) Specifically, the Board concluded that there was no indication that Employer failed to produce the reports of Drs. Bates and Serene, as required by the Judges' Rules. (*Id.* at 87.) Moreover, the Board concluded that Employer's assertion of the attorney-client privilege did not constitute a violation of the Act meriting a penalty. (*Id.* at 88.) Consequently, the Board reversed the WCJ's assessment of a penalty against Employer. (*Id.*)

---

8. 34 Pa.Code §§ 131.1–.122.

9. The WCJ also concluded that Employer must pay Claimant's reasonable litigation costs. (R.R. at 66.)

The Board also concluded that the WCJ's finding of an unreasonable contest was erroneous in part. Specifically, the Board concluded that Employer unreasonably contested the July 2009 claim petition. (*Id.* at 89.) The Board reached this conclusion in light of the fact that Employer did not issue an NCP or NCD as to that claim, forcing Claimant to litigate the compensability of the July 18, 2009 injury, and its conclusion that Employer unreasonably contested the issue of notice as to that claim, based on Claimant's and Breezee's testimony. (*Id.*) The Board, however, disagreed with the WCJ's view that a failure to investigate is a basis for finding an unreasonable contest. (*Id.*) Rather, the Board concluded that an employer's failure to investigate was a violation of the Act and thus a basis for penalties. (*Id.*)

Lastly, the Board concluded that the WCJ's award of attorney's fees was not excessive. The Board noted that in deciding upon the hourly rate to apply, the WCJ took into consideration the multiple petitions and issues presented, in addition to several other pertinent aspects of the case. (*Id.* at 89–90.) The Board also reasoned that it routinely deferred to the WCJ's expertise and ability to take administrative notice in determining a reasonable rate and evaluating the factors listed in Section 440(b) of the Act.[10] (*Id.* at 90.) The Board stated that the WCJ made the required findings as to those factors, such that the fee award is based upon the record as required by applicable case law. (*Id.*) The Board, therefore, found no error regarding the award of attorney's fees. Employer now petitions this Court for review.

## II. ISSUES ON APPEAL

 On appeal,[11] Employer argues that the Board erred in affirming the WCJ's award of attorney's fees for Employer's unreasonable contest of Claimant's July 18, 2009 injury. Employer also argues, in essence, that the Board erred in granting the claim petitions for the July 2009 and October 2009 injuries. In support of the latter argument, Employer contends that the Board erred in concluding that Employer's challenge to the WCJ's interim order was moot and that the WCJ erred in issuing the interim order, because it improperly limited Employer's counsel's contacts with Claimant's treating physicians.[12]

10. 77 P.S. § 996(b), added by the Act of February 8, 1972, P.L. 25 (providing that WCJ "must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended").

11. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

12. In its brief, Employer also argues that the WCJ ignored substantial competent evidence and failed to issue a reasoned decision as required under Section 422(a) of the Act, 77 P.S. § 834. Nevertheless, Employer failed to preserve this issue in its petition for review, and, thus, the issue is waived. *See Pa. State Troopers Ass'n v. Pa. Labor Relations Bd.*, 39 A.3d 616, 622 (Pa.Cmwlth.2012) ("Issues not raised or 'fairly comprised' within the petition for review are deemed waived."); Pa. R.A.P. 1513(d). Moreover, Employer includes in its petition for review a challenge to the Board's conclusion that the October 2009 injury was a new injury rather than a recurrence of the June 2006 injury. Employer fails to properly develop this issue in its brief, and, therefore, it too is waived. *See Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa.Cmwlth.1998).

## III. DISCUSSION

### A. Attorney's Fees

■ We first address whether the Board erred in affirming the WCJ's award of attorney's fees for Employer's unreasonable contest of Claimant's July 18, 2009 injury. Employer argues that the WCJ improperly awarded attorney's fees because Claimant did not obtain an award of any compensation with regard to the July 2009 injury, the claim would have been litigated even if an NCD had been issued, and the WCJ implicitly found that Employer reasonably contested the July 2009 claim petition on medical grounds.[13] Employer further contends that, rather than Employer forcing Claimant to litigate the compensability of the July 2009 injury, Claimant elected to litigate a doubtful injury claim in the context of the October 2009 injury claim. Employer argues that, under the totality of the circumstances, it reasonably contested the July 2009 injury, and that the Board's error is particularly evident in light of the fact that the award was in an amount equal to half of Claimant's counsel's time expended in litigating the entire case. Employer further argues that it did not violate the Act or, alternatively, that its violation was technical and harmless, which does not warrant an award of attorney's fees. Moreover, Employer contends that the Board ignored its own precedent in rendering its decision.

■ Section 440(a) of the Act, 77 P.S. § 996(a), provides that a successful claimant shall be awarded attorney's fees unless the employer proves that it had a reasonable basis for the contest. "Whether an [e]mployer's contest of liability is reasonable is a question of law reviewable by this Court." *Capper v. Workers' Comp. Appeal Bd. (ABF Freight Systems, Inc.)*, 826 A.2d 46, 50–51 (Pa.Cmwlth.2003). Whether an employer had a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved in each case. *Poli v. Workmen's Comp. Appeal Bd.*, 34 Pa. Cmwlth. 630, 384 A.2d 596, 598 (1978). "[T]he reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Capper*, 826 A.2d at 51. The employer bears the burden of proving the reasonableness of its contest but, in doing so, need not prove that its evidence is legally sufficient in order to establish reasonableness. *Id.* Instead, "[a] reasonable contest is established where the evidence is conflicting or subject to contrary inferences." *Lemansky v. Workers' Comp. Appeal Bd. (Hagan Ice Cream Co.)*, 738 A.2d 498, 501 (Pa.Cmwlth.1999), appeal denied, 563 Pa. 668, 759 A.2d 389 (2000). In determining the reasonableness of a contest, the appellate court must look to the totality of the circumstances surrounding the contest. *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.)*, 155 Pa.Cmwlth. 254, 624 A.2d 824, 826 (1993). Moreover, "[i]f an employer fails to issue a notice of compensation payable or denial, thus forcing the claimant to litigate the compensability of the injury, the employer will be

---

13. In support of this argument, Employer continues to contest whether Employer had a duty to investigate and accept or deny an injury claim in the first place and whether Employer did not adequately investigate the claim. The Board affirmed the award of attorney's fees to the extent that it was based upon Employer's failure to issue timely a bureau document acknowledging or denying the July 2009 injury and Employer's unreasonable contest of liability for that injury based on lack of notice. We note that the Board reversed the award of attorney's fees to the extent that it was based on Employer's failure to investigate properly the July 2009 incident. Thus, because the Board ruled in favor of Employer on that issue, it is not before us for review.

liable for the payment of the claimant's attorney's fees unless it can prove that its contest was reasonable." *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison),* 819 A.2d 164, 170 (Pa.Cmwlth. 2003).

Here, it is undisputed that Employer failed to file a bureau document acknowledging or denying the July 2009 injury. (R.R. at 55.) Thus, Employer is liable for Claimant's attorney's fees unless Employer can prove that its contest was reasonable. In this regard, we conclude that Employer unreasonably contested the issue of notice as to the July 2009 injury claim. Both Claimant and Breezee testified that Claimant reported the July 18, 2009 incident to Breezee. (R.R. at 151, 312.) Although Claimant and Breezee testified that no incident report was prepared, that Claimant did not seek medical treatment, and that Claimant continued to work while remaining cautious with lifting and getting help when needed, (R.R. at 152–53, 313), these circumstances do not negate the fact that Claimant in fact notified Breezee of the incident. Because Employer failed to produce any evidence demonstrating that it did not have proper notice of the July 2009 injury, the Board did not err in concluding that Employer's contest of that issue was unreasonable.

■ Nevertheless, Employer contested other issues related to the July 2009 injury claim that the WCJ did not consider in rendering his decision to award unreasonably contest attorney's fees. Specifically, in its answer to the July 2009 claim petition, Employer challenged the causal relationship, nature, and extent of disability related to the July 2009 injury, just as it did with respect to the October 2009 injury. Notably, although the WCJ found that Employer reasonably contested the causal relationship, nature, and extent of disability related to the October 2009 injury, the

WCJ did not find Employer's contest of these other issues to be unreasonable as to the July 2009 claim petition. Nevertheless, the WCJ awarded attorney's fees in an amount that appears to represent the full amount of fees incurred for services Claimant's counsel rendered in litigating the entirety of the July 2009 injury claim.

■ In an instance such as this, wherein an employer unreasonably contested a particular issue, attorney's fees are assessed in an amount attributable to the litigation of that issue, and not the entire claim. *See Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger),* 38 A.3d 1037, 1049–50 (Pa.Cmwlth.2011) (providing that employer engaged in unreasonable contest to extent it refused to pay for claimant's prescriptions, and remanding matter for reconsideration of unreasonable contest attorney's fee award based solely on that ground); *Wallace v. Workers' Comp. Appeal Bd. (Pittsburgh Steelers),* 722 A.2d 1168, 1171–72 (Pa.Cmwlth.) (holding that employer unreasonably contested issue of whether injury was work-related and remanding matter for determination of compensation due to claimant for employer's unreasonable contest of that issue), *appeal denied,* 559 Pa. 684, 739 A.2d 547 (1999); *Peljae v. Workmen's Comp. Appeal Bd. (Mrs. Smith's Frozen Foods),* 667 A.2d 763, 765–66 (Pa.Cmwlth.1995) (explaining that "[b]ecause [the] employer's contest was unreasonable only as it pertained to employer's modification petition on the basis of [the claimant's] failure to pursue employment offered[, the claimant] is entitled to attorney's fees relating only to that portion of the litigation," and remanding matter for calculation and assessment of fees accordingly); *De. Valley Fish Co. v. Workmen's Comp. Appeal Bd. (Woolford),* 151 Pa.Cmwlth. 387, 617 A.2d 48, 51 (1992) (holding that WCJ did not err in finding contest to be partially unreason-

able and apportioning payment of attorney's fees between claimant and employer accordingly). In light of this precedent, we vacate the Board's order to the extent that the Board affirmed the WCJ's award of attorney's fees in the amount of $8,632.50 for Employer's unreasonable contest of the entire July 2009 claim petition. Further, we remand the matter for a recalculation of the attorney's fees award based only on the services Claimant's counsel provided in litigating the issue of notice with regard to the July 2009 claim petition.[14]

## B. The WCJ's Interim Order

We next address whether the Board erred in granting the claim petitions for the July 2009 and October 2009 injuries in light of the limitations the WCJ's interim order placed on Employer's *ex parte* contacts with Claimant's treating physicians. As noted above, Employer first argues that the Board erred in concluding that Employer's challenge to the WCJ's interim order was moot. Employer contends that the WCJ's ruling limiting Employer's contact with the treating physicians was not moot because the WCJ's ruling resulted in prejudice to Employer. Specifically, Employer argues that the WCJ may have decided the credibility issues in the case differently had Employer's counsel been allowed to consult and depose Drs. Bates and Serene without the restrictions outlined in the WCJ's interim order. In support of this argument, Employer contends that through their deposition testimony, Drs. Bates and Serene could have better explained the bases for and enhanced the credibility of their opinions, as it is well-recognized that the credibility of medical witnesses is best determined based on testimony rather than reports. Employer further argues that, consequently, the WCJ could have found that Employer's evidence had established that a recurrence of the 2006 injury or some other interim cause resulted in the closed period of liability at issue.

Further, Employer argues that the WCJ improperly limited Employer's counsel's contact with Claimant's treating physicians in issuing the interim order. Employer contends that as a result of Drs. Bates' and Serene's employment with Penn State, the *ex parte* communications between Employer's counsel and the treating physicians are subject to the attorney-client privilege.[15] Employer fur-

---

14. In *Budd Co. v. Workers' Compensation Appeal Board (Kan)*, 858 A.2d 170 (Pa.Cmwlth. 2004), a claimant was awarded attorney's fees based on the employer's unreasonable contest of a utilization review petition. *Budd*, 858 A.2d at 177–79. Because a total of four petitions were at issue at the time and the claimant's attorney could not accurately segregate fees and costs attributable solely to the utilization review petition, the WCJ apportioned the fees by dividing the total amounts claimed by the number of petitions at issue. *Id.* at 177. On appeal, we affirmed the method employed by the WCJ. *Id.* at 179. In so doing, we reasoned that "[a] fair reading of the extensive decision by the WCJ explain[ed] the apportionment" and that the employer's "arguments seeking greater precision are rejected as entirely unreasonable in the complex cir-

cumstances it helped create by raising a contest without reasonable basis." *Id.* Here, we observe that if Claimant's counsel is unable to segregate the fees and costs attributable only to litigating the issue of notice with regard to the July 2009 injury, the WCJ may need to employ a similar calculation method to that used in *Budd Co.*

15. Throughout its brief to this Court, Employer also discusses the work product doctrine in furthering its arguments. "The work-product doctrine offers broad protection to the mental impressions, theories, notes, strategies, research and the like created by an attorney in the course of his or her professional duties, particularly in anticipation or prevention of litigation." *Heavens v. Pa. Dep't of Envtl. Prot.*, 65 A.3d 1069, 1077 (Pa.Cmwlth.2013).

ther contends, in essence, that the WCJ has no authority to issue the restrictions outlined in his interim order and that the WCJ disregarded the Judges' Rules, Pennsylvania Rule of Civil Procedure No. 4003.6, provisions of the Act itself, and other statutory law, case law, and authority from the Board that supports Employer's position. Employer argues that the WCJ's reasoning in support of his ruling is contradictory and that the authority relied upon by the WCJ in support of the ruling is inapposite or erroneous.

At the outset, we agree that the Board erred in concluding that Employer's challenge to the WCJ's interim order was moot. Nevertheless, because the WCJ's interim order was proper, we conclude that the Board's decision in this regard was harmless error.

■■■■■ As noted above, Employer contends that the existing employment relationship between the treating physicians and Penn State enables Employer's counsel to engage in *ex parte* contacts with those physicians without being subject to cross-examination by Claimant's counsel as to those contacts. In Pennsylvania, the attorney-client privilege is codified at Section 5928 of the Judicial Code, 42 Pa.C.S. § 5928, which provides:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

Moreover, "[w]hen the client is a corporation, the privilege extends to communications between its attorney and agents or employees authorized to act on the corporation's behalf." *In re Condemnation by City of Philadelphia in 16.2626 Acre Area,* 981 A.2d 391, 396 (Pa.Cmwlth.2009). Although workers' compensation matters are not civil matters, it is undisputed that the attorney-client privilege applies generally to such proceedings. *See* 34 Pa. Code §§ 131.61(a), 131.70(c) (providing that "[p]arties shall exchange all items and information ... unless ... otherwise privileged" and that provision governing discovery of statements of parties or witnesses "may not apply to statements made by a party to the party's counsel which are protected by the attorney-client privilege").

Under the circumstances of this case, it is clear that despite the employment relationship that happens to exist between the treating physicians and Penn State, the treating physicians are acting in their capacity as treating physicians of Claimant, and not as employees of Penn State. Thus, in this regard, the treating physicians are not authorized to act on behalf of Penn State as contemplated in *In re Condemnation by City of Philadelphia* and cannot be considered "clients" of Employer's counsel. Hence, Employer's counsel would not be permitted to have *ex parte* contact with the treating physicians free from questioning by Claimant's counsel as to those contacts through application of the attorney-client privilege. Indeed, to allow application of the attorney-client privilege in this manner would be improper, as it would confer upon Employer an unfair strategic advantage based on the mere coincidence that the treating physicians happened to be employees of Penn State.

It does not appear, however, that the work product doctrine has any application with regard to whether the WCJ properly prohibited Employer's counsel from having *ex parte* contact with the treating physicians and permitted Claimant's counsel to cross-examine the treating physicians as to such contact.

Employer also points to Rule of Civil Procedure No. 4003.6, relating to discovery of a treating physician, in support of its position that its counsel may engage in *ex parte* communications with the treating physicians without condition. Rule 4003.6 provides:

> Information may be obtained from the treating physician of a party only upon written consent of that party or through a method of discovery authorized by this chapter. This rule shall not prevent an attorney from obtaining information from
>
> (1) the attorney's client,
>
> (2) an employee of the attorney's client, or
>
> (3) an ostensible employee of the attorney's client.

Pa. R.C.P. No. 4003.6.

Although the Rules of Civil Procedure are not controlling in workers' compensation proceedings, they may be instructive in disposing of issues arising out of such proceedings. *See Romaine v. Workers' Comp. Appeal Bd. (Bryn Mawr Chateau Nursing Home)*, 587 Pa. 471, 485, 901 A.2d 477, 485 (2006). Nevertheless, we do not find Rule of Civil Procedure No. 4003.6 persuasive in the way Employer argues here. In *Marek v. Ketyer*, 733 A.2d 1268 (Pa.Super.1999), *appeal denied*, 561 Pa. 677, 749 A.2d 471 (2000), the Superior Court of Pennsylvania addressed whether Rule 4003.6 had been violated when, in a medical malpractice case, a treating physician engaged in *ex parte* communications with defense counsel and testified as a defense expert without the plaintiffs' consent. The Superior Court

held that such communications did violate Rule 4003.6, observing:

> [A]lthough the statutory physician-patient privilege was waived by the filing of the lawsuit, this waiver does not permit unfettered disclosure. Rule 4003.6 regulates the manner in which defense counsel obtains information from the plaintiff's treating physician. *Regulating the contacts between a treating physician and defense counsel "affects defense counsel's methods, not the substance of what is discoverable."*
>
> Rule 4003.6 is clear in its directive. Only upon consent or through a method of authorized discovery may information be obtained from a party's treating physician. These procedures protect both the patient and the physician by ensuring that adverse counsel will not abuse the opportunity to contact or interrogate the physician privately. When *formal discovery* is undertaken in the presence of a patient's counsel it can be assured that irrelevant medical testimony will not be elicited and confidences will not be breached, preserving the trust which exists between doctor and patient.

*Id.* at 1270 (emphases added) (citation omitted) (quoting *Manion v. N.P.W. Med. Ctr., Inc.*, 676 F.Supp. 585, 593 (M.D.Pa. 1987)).

The above reasoning employed by the Superior Court applies with equal force to considerations relating to the physician-patient privilege in the workers' compensation context. In this regard, we recognize that "a claimant seeking compensation benefits in a workmen's compensation matter fits into th[e] exception" to the physician-patient privilege,[16] and that

---

16. In Pennsylvania, the physician-patient privilege is codified at Section 5929 of the Judicial Code, 42 Pa.C.S. § 5929, which provides:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity,

"where . . . a party places his or her physical or mental condition in issue, the privacy right against disclosing private medical information is waived." *Doe v. Workers' Comp. Appeal Bd. (USAir, Inc.)*, 653 A.2d 715, 717 (Pa.Cmwlth.), *appeal denied*, 541 Pa. 644, 663 A.2d 695 (1995). Nevertheless, such "waiver does not permit unfettered disclosure," and it does not permit an employer's counsel to obtain information in any way he sees fit. *See Marek*, 733 A.2d at 1270.

■■■ Moreover, although Employer argues that the existing employment relationship between the treating physicians and Penn State distinguishes this matter from *Marek* and renders the exception listed in Rule of Civil Procedure No. 4003.6(2) particularly persuasive in this case, such a relationship actually provides added reason to reject such an argument. A number of policy concerns guide our decision in this regard, including "the recognized privacy interest underlying the physician-patient relationship," "the physician's duty of loyalty to the patient," the risk of disclosing medical information that is irrelevant to the action, the "potential tort liability physicians may face for breach of privacy," and "the potential that defense counsel may seek to improperly influence the physician or to dissuade the doctor from testifying." *See Marek*, 733 A.2d at 1270; 7 David B. Torrey & Andrew E. Greenburg, Workers' Compensation: Law and Practice § 13:45 (3d ed. 2008). The concern regarding the potential for defense counsel to seek to influence improperly the physician is particularly relevant here, where Employer listed the treating physicians, Penn State's own employees, as testimonial witnesses. Thus, similar to our above conclusion regarding the attorney-client privilege, we refuse to apply the principle outlined in Rule 4003.6(2) to the circumstances of this matter, as proposed by Employer.[17]

Because we reject Employer's contention that the WCJ erred in issuing the interim order, we hold that the Board's conclusion that Employer's challenge to the interim order was moot is harmless error. Thus, we affirm the Board's order granting Claimant's claim petitions on that basis.

## IV. CONCLUSION

For the reasons set forth above, we affirm the order of the Board to the extent that the Board concluded that Employer unreasonably contested the issue of notice with regard to Claimant's July 2009 injury claim. We vacate the order of the Board to the extent that the Board affirmed the WCJ's award of attorney's fees for the services Claimant's counsel provided in litigating the entire July 2009 injury claim. We further remand the matter for a recal-

which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

17. We also note that the WCJ did not prohibit Employer's counsel from deposing Drs. Bates and Serene. Rather, in order "to preserve the sanctity of the attorney-client relationship and attorney work product doctrine," (Employer's Brief at 31), Employer decided to forgo the depositions of Drs. Bates and Serene and instead proceed by submitting their reports into evidence. Consequently, the WCJ decided the matter by taking into consideration the submitted reports, which he is permitted to do under Section 422(c) of the Act. Employer cannot now be heard to complain of error by the WCJ as a result of Employer's own choice to submit the reports of Drs. Bates and Serene in lieu of their deposition testimony. In other words, "[a] party may not complain when he waives his right to present evidence in his favor by choosing not to do so." *Tyler v. King*, 344 Pa.Super. 78, 496 A.2d 16, 24 (1985).

culation of the attorney's fees award based only on the services Claimant's counsel provided in litigating the notice issue as to the July 2009 injury claim. Furthermore, although we conclude that Employer's challenge to the WCJ's interim order is not moot, we affirm the Board's grant of Claimant's claim petitions on the ground that the WCJ did not err in issuing the interim order.

### ORDER

AND NOW, this 19th day of December, 2013, the order of the Workers' Compensation Appeal Board (Board) is VACATED to the extent that it affirmed the Workers' Compensation Judge's (WCJ) award of $8,632.50 in attorney's fees for the services Thomas Sox's (Claimant) counsel provided in litigating the entire July 2009 injury claim. This matter is REMANDED to the Board with instructions that it remand the matter to the WCJ for a recalculation of the attorney's fees award based only on the services Claimant's counsel provided in litigating the issue of notice as to the July 2009 injury. The order of the Board is AFFIRMED in all other respects.